No. 81-486

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

_____

IN THE MATTER OF THE ESTATE
OF SANDY L. KARST, Deceased.

_____

Appeal from:   District Court of the Thirteenth Judicial District,
               In and for the County of Yellowstone, The Honor-
               able Diane G. Barz, Judge presiding.

Counsel of Record:

    For Appellant:

        Michael J. Whalen, Billings, Montana

    For Respondent:

        Crowley, Haughey, Hanson, Toole & Dietrich,
        Billings, Montana

_____

                    Submitted on Briefs:   March 11, 1982

                              Decided:   September 9, 1982

Filed: SEP - 9 1982

_____Thomas J. Kearney_____
                    Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Richard Sauter, Sr. (Sauter, Sr.) appeals from an order of the Yellowstone County District Court appointing the decedent's husband, Melvin Karst (Husband) as personal representative of the Estate of Sandy L. Karst, deceased. We affirm the District Court.

The issues as restated for this opinion are:

(1) Is the appellant Sauter, Sr. an aggrieved party who can question the appointment of the personal representative by appeal?

(2) Has the husband waived his statutory priority to appointment as personal representative?

Sandy L. Karst and Douglas L. Sauter both were killed in a one-vehicle accident on April 23, 1980. Sandy Karst owned the vehicle involved in the accident which was covered by a liability insurance policy. Sandy Karst died intestate. The Husband testified that Sandy Karst had no assets requiring administration and he had not applied for administration of her estate.

Sauter, Sr. was appointed personal representative of the estate of his son, Douglas L. Sauter. Sauter, Sr. learned of the liability insurance policy covering the Karst vehicle. As stated by Sauter, Sr.'s counsel, being unable to sue the insurance carrier direct, Sauter, Sr. filed a petition for appointment of personal representative of the estate of Sandy L. Karst, in order that Sauter, Sr. might create a defendant to allow prosecution of a death claim against Sandy L. Karst. The petition for appointment was filed on June 17, 1981, approximately fourteen months after the death of Sandy Karst. Husband filed objection to the appointment of the public administrator and sought appointment of himself.

By order dated August 31, 1981, the District Court judge appointed Husband as personal representative. In substance, Sauter, Sr. argues that it is unjust to allow the insurance carrier to remain anonymous in the personal injury action, and yet allow the insurance carrier to be involved through its counsel in the appointment of the surviving husband as personal representative when there are no assets of the estate and no declared intention on the part of Husband to claim against Douglas L. Sauter and his estate.

## I.

Is the appellant Sauter, Sr. an aggrieved party who can question the appointment of the personal representative by appeal?

The Husband contends that Sauter, Sr. is not a party aggrieved and because neither Sauter, Sr. nor the public administrator are "heirs or devisees" of Sandy Karst, they have no standing to present this appeal. The contentions are based upon section 72-3-503, MCA, which in pertinent part states:

> "Objection to appointment. (1) An objection to an appointment can be made only in formal proceedings.
>
> "(2) In case of objection the priorities stated in 72-3-502 apply, except that:
>
> "(a) . . .
>
> "(b) In case of objection to appointment of a person. . .by an heir or devisee appearing to have a substantial interest in the estate, the court may appoint a person who is acceptable to heirs and devisees whose interests in the estate appear to be worth in total more than half of the probable distributable value or, in default of this accord, any suitable person." (Emphasis added.)

We do not hold that this code section limits by its express terms the parties who may object. Reference to objection "by an heir or devisee" in subparagraph (b) suggests that the priorities between parties stated in 72-3-502, MCA,

apply unless an heir or devisee having a sufficiently substantial interest as defined in the paragraph shall object, in which event the court may appoint a person who does not meet the priorities in 72-3-502, MCA, but is acceptable to heirs and devisees whose interest appear to be worth more than one-half of the estate. We hold that Sauter, Sr. need not have been either an heir or devisee in order to be an objector in this proceeding.

## II.

Has the husband waived his statutory priority to appointment as personal representative?

The priority between persons applying for letters of administration is set forth in section 72-3-502, MCA, as follows:

> "Whether the proceedings are formal or informal, persons who are not disqualified have priority for appointment in the following order:
>
> ". . .
>
> "(4) the surviving spouse of the decedent;
>
> ". . .
>
> "(6) public administrator;
>
> ". . ."

This section clearly establishes that Husband had priority over the public administrator, unless for some reason that priority has been eliminated. While Sauter, Sr. speculates that the trier of fact in the law suit would be more sympathetic to Husband, if he is the personal representative instead of the public administrator, that speculation does not establish a basis for eliminating the priority of the Husband over the public administrator.

Sauter, Sr. does contend that the husband waived his right to file an application by delaying for approximately fourteen months. Sauter, Sr. argues that because section

72-15-102(2), MCA, requires that the public administrator not file a petition for letters of administration until at least thirty days have elapsed from death, then there is raised a "burden of proof" on the part of Husband to justify his delay or failure to file. That section does not by its terms raise any such burden. It merely establishes that the public administrator shall wait for a period of thirty days before applying unless certain other grounds are met.

The only remaining question is whether the failure to apply for approximately fourteen months indicates a waiver of some type on the part of Husband. The record discloses that there was no estate requiring administration so that no prior application was required on the part of Husband. Husband therefore is not chargeable with any type of waiver. When the application was made for appointment of a personal representative, and such application relates to a potential lawsuit, then it clearly becomes reasonable for Husband to seek appointment on his own part. Sauter, Sr. suggests that there is no real interest on the part of Husband so that he should not be allowed to act as this will only result in some improper sympathy without a disclosure of the insurance involved. The UPC does not require that an applicant for appointment as a personal representative prove some kind of an economic interest in an estate in order to qualify. In many probates a personal representative may not receive any property distribution. That has no relationship to his appointment. We conclude that Husband did not in any way waive the priority granted to him under the appointment statute.

We affirm the order of the District Court.

_____
Justice

-5-

We Concur:

_____
Chief Justice

_____

_____
Justices